CAMPBELL PRINTING-PRESS & MANUF'G CO. *v.* MANHATTAN EL. RY. CO.

*(Circuit Court, S. D. New York. November 7, 1891.)*

EQUITY PRACTICE—MOTION FOR DECREE ON BILL AND ANSWER.
 Application for a decree upon bill and answer must be made, not at chambers, but at the equity term after the cause is put upon the calendar.

In Equity. Suit by the Campbell Printing-Press & Manufacturing Company against the Manhattan Elevated Railway Company for infringement of a patent. On motion for an injunction *pendente lite* and for a decree for an accounting. Denied.

The patent in question in this case is No. 401,680, issued April 16, 1889, to Edward S. Boynton, assignor of the complainant, for an improvement in valves for pneumatic pipes or tubes. A motion for a preliminary injunction was denied by Judge LACOMBE, (47 Fed. Rep. 663,) and the defendant then filed its answer, admitting the validity of the patent in suit, title, and infringement, but denying that it had ever made any gains or profits by reason of its unlawful use of the patented devices, and also denying that it had thereby damaged the complainant except nominally. To this answer a general replication was filed; and thereafter complainant moved, upon the bill, answer, replication, and all proceedings had, for an order directing that defendant be enjoined *pendente lite;* and for a decree for an accounting pursuant to the prayer of the bill; and for such other and further relief as to the court might seem just.

*Charles De Hart Brower* and *Philip R. Voorhies*, for complainant.
*Davies, Short & Townsend* and *Maynadier & Beach*, for defendant.

BROWN, J. The settled practice of this circuit is that, upon a bill and answer, application for judgment must be made, not at chambers, but at

the equity term after the putting of the cause on the calendar. This may be done on short notice, after evidence of such damages has been taken as would warrant sending the cause to the commissioner. Motion denied, without prejudice.